JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 23-09456-MWF (AGRx) | Date:  May 6, 2024 |
| Title:  Annie Ma v. Bank of America, N.A. et al | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [21] [22]; ENTRY OF JUDGMENT

Before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), filed on January 29, 2024, by Defendant Bank of America, N.A. ("BANA"). (the "Motion", Docket Nos. 21, 22).  Plaintiff Annie Ma filed an Opposition on February 12, 2024.  (Docket No. 23).  BANA filed a Reply on February 15, 2024. (Docket No. 25).

The Court has read and considered the Motion and held a hearing on **March 4, 2024**.

The Motion is **GRANTED** *without leave to amend*.  The Complaint does not state a claim under subdivision (a)(1) or subdivision (a)(2) of the California Financial Elder Abuse Law, nor does it state a claim under Unfair Competition Law.

Additionally, because Plaintiff's Request for Judicial Notice is of matters of public record, Plaintiff's request is **GRANTED**.  (Docket No. 24).  BANA's Request for Judicial Notice is of a document not subject to reasonable dispute and therefore is also **GRANTED**.

I.     BACKGROUND

The Court previously summarized the central facts of this action in its Order Granting BANA's Motion to Dismiss Plaintiff's Complaint (the "Previous MTD Order"), dated December 20, 2023.  (Docket No. 18).  The Court incorporates by

---

**CIVIL MINUTES—GENERAL**                                                       1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-09456-MWF (AGRx)**              **Date:  May 6, 2024**
**Title:  Annie Ma v. Bank of America, N.A. et al**

reference the Background sections of the Previous MTD Order and limits its recitation of the facts to those necessary for context.

Plaintiff became a victim of a "Chinese Authorities Scam" were she wired a total of $690,000 from her BANA account to people purporting to be the Shanghai Police. (FAC ¶¶ 34–38, 40–42).

Plaintiff contends that BANA failed to prevent the scam by: (1) missing "red flags" that should have warned it that the transfers had been fraudulently induced; and (2) taking no steps to prevent the transfers, freeze Plaintiff's account, or report the matter to the police.  (*Id.* ¶¶ 18, 46–49, 57).

The FAC asserts two claims: (1) for financial abuse of an elder in violation of Welfare and Institutions Code Section 15610.30; and (2) for unlawful, unfair, and deceptive business practices in violation of California's Unfair Competition Law.

BANA now moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).  (Motion at 4).

## II.     LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *Eclectic Props.*, 751 F.3d at 995 (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-09456-MWF (AGRx)          **Date:** May 6, 2024

**Title:** Annie Ma v. Bank of America, N.A. et al

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION

#### A. Financial Elder Abuse Claim

The FAC does not state a claim under subdivision (a)(1) of the California Financial Elder Abuse Law for the same reason the Court gave in its Previous MTD Order. First, the FAC alleges that the "scammers took Plaintiff's life savings, not [BANA]." *Bortz v. JP Morgan Chase Bank*, N.A., No. 22-55582, 2023 WL 4700640, at *1 (9th Cir. July 24, 2023). Second, Plaintiff does "not meaningfully allege that those service fees [for each wire transfer] caused [her] harm." *Id.*

The FAC also fails to state a claim under subdivision (a)(2). To aid and abet an intentional tort requires proof that the defendant had actual knowledge of the specific primary wrong. *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1144, 26 Cal. Rptr. 3d 401 (2005); *Das v. Bank of America, N.A.*, 186 Cal. App. 4th 727, 744, 112 Cal. Rptr. 3d 439 (2010) (Manella, J.); *Bortz v. JP Morgan Chase Bank, N.A.,* No. 22-55582, 2023 WL 4700640 (July 24, 2023). The FAC alleges and Plaintiff argues that per California Civil Code section 2332, BANA had the same actual knowledge as its employee and therefore BANA is liable for the acts of Jane Doe in conspiring to steal from Plaintiff. (FAC ¶ 11, Opposition at 5–6, 7–9, 21). "It is a fundamental tenet of agency law that a principal is deemed to know what its agent knows while acting within the scope of the agent's authority." *Bergstrom v. Zions Bancorporation, N.A.*, 78 Cal. App. 5th 387, 399, 293 Cal. Rptr. 3d 458 (2022). The FAC fails to allege sufficient facts that (1) Jane Doe's actions were within the scope of her authority as an employee of BANA, and (2) Jane Doe had actual knowledge of the "Chinese Authorities scam."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-09456-MWF (AGRx)          **Date:** May 6, 2024

**Title:** Annie Ma v. Bank of America, N.A. et al

Accordingly, the Motion is **GRANTED** as to Plaintiff's financial elder abuse claim.

### B. Unfair Competition Law Claim

Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

The unlawful prong is extinguished for the same reason the Court gave in its Previous MTD Order. That is, [this claim] stand[s] or fall[s] depending on the fate of the antecedent substantive causes of action." *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 177, 107 Cal. Rptr. 2d 209 (2001).

For the unfair prong, Plaintiff alleges that BANA failed to comply with the "standards of the industry and federal regulations." (Complaint ¶ 96). The FAC does not allege that the failure to comply with industry standards amounts to "immoral, unethical, oppressive, unscrupulous" conduct under the UCL. *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257, 106 Cal. Rptr. 3d 46 (2010). Additionally, the FAC does not name the federal regulations BANA is alleged to have violated. (Complaint ¶ 96). Therefore, Plaintiff has not alleged any unfair conduct by BANA sufficient to plead a claim under the unfair prong.

Finally, Plaintiff has not alleged any deceptive advertising by BANA sufficient to plead a claim under the deceptive advertising prong. Plaintiff alleges that BANA advertises that "it monitors account activity for suspicious activity to help fight fraud" and that security is its top priority. (*Id.* at 98). However, Plaintiff has failed to allege facts demonstrating that the advertisements are false. Instead, Plaintiff argues that "fraud arises from within [BANA's] own employees" not from its advertising.

Accordingly, the Motion is **GRANTED** as to Plaintiff's UCL claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-09456-MWF (AGRx)          **Date:** May 6, 2024

**Title:** Annie Ma v. Bank of America, N.A. et al

### IV. CONCLUSION

Plaintiff was warned that any future successful motion to dismiss would be granted without leave to amend. (Previous MTD Order at 6).

Accordingly, the Motion is **GRANTED** *without leave to amend* and the action is **DISMISSED**.

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.